FILED

2007 Mar-07  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **SIRMON PRODUCE, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )   **Civil Action No. 05-S-1700-NE** |
| **CARROLL DOUGLAS HAYNES,** | ) |
| **d/b/a Arrowhead Farms, and** | ) |
| **KATHY BARNES HAYNES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action, which was settled and closed nearly nineteen months ago, now is before the court on plaintiff's motion to enforce the settlement agreement.[1]  Shortly after receiving the motion, the court entered an order requiring defendants to show cause why the relief requested should not be granted.[2]  The court now is in receipt of defendant Carroll Douglas Haynes' response,[3] as well as the reply filed by plaintiff.[4]

Briefly, the facts are as follows:  plaintiff Sirmon Produce, Inc., is in the business of buying and selling wholesale quantities of perishable agricultural

---

[1] Doc. no. 17 (Motion to Enforce Settlement Agreement).

[2] Doc. no. 18 (Show Cause Order).

[3] It appears that defendant Kathy Barnes Haynes has passed away since this action has been closed.  *See* doc. no. 19 (Response in Opposition to Motion to Enforce), p. 1.

[4] Doc. no. 20 (Reply in Support of Motion to Enforce).

commodities in interstate commerce. Between December 2004, and May 2005, Sirmon Produce sold such commodities to defendant Haynes, doing business as "Arrowhead Farms." Haynes, however, failed to remit the $157,965 due as consideration for the commodities tendered. This resulted in the automatic imposition of a statutory trust in the amount of $157,965 under 7 U.S.C. § 499e(c)(2), a keystone provision of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a *et seq*.

Sirmon Produce filed this action to enforce the statutory trust, and sought immediate injunctive relief.[5] Following the issuance of a temporary restraining order,[6] the court convened a hearing on Sirmon Produce's request for a preliminary injunction and received testimony from Haynes. Before the hearing was completed, the parties conferred privately and negotiated a settlement agreement, which was recited in open court and subsequently reduced to writing.[7] In pertinent part, the settlement agreement declared that:

> [U]pon payment by Haynes to Sirmon of $157,965.00, plus interest accruing but unpaid at the rate of 6% per annum from Friday, August 19, 2005 . . . , in full, shall constitute a full satisfaction of all amounts claimed by Sirmon Produce herein.
> . . .

---

[5] Doc. no. 1 (Complaint).

[6] Doc. no. 8 (Temporary Restraining Order).

[7] *See* doc. no. 17, Affidavit of Katy L. Koestner, Ex. 2 (Settlement Agreement).

Haynes agrees to pay Sirmon Produce five thousand dollars ($5,000.00) before 5:00 p.m. EST on the first business day of each month toward the Indebtedness.

. . .

Haynes will be in default of this Stipulation if he fails to make any payment when due, and the non-payment continues for ten (10) calendar days after Sirmon Produce delivers written notice of nonpayment to Haynes, [or] Haynes' counsel.

. . .

In the event of a Default, Sirmon Produce may file the "Stipulation to Reopen Case and Enter of Judgment", executed by Haynes and Sirmon Produce contemporaneously herewith and attached hereto as Exhibit "A", requesting the Court to reopen this case, and enter a judgment in favor of Sirmon Produce and against Haynes in the amount of $157,965.00, plus interest accruing at the rate of 6% per annum from Friday, August 19, 2005, plus attorney's fees in enforcing the terms of this Stipulation, less any payments made.  Further, the parties hereto stipulate and agree that, upon Default, Sirmon shall be entitled to entry of the Stipulated Preliminary Injunction [executed by the parties] and attached hereto as Exhibit "B" upon notice and motion.[8]

In view of the above, the court dismissed the action, but retained jurisdiction to enforce the settlement agreement.[9]  Subsequent to the dismissal, Haynes tendered $40,000 toward the $157,965 owed, but eventually ceased making payments.[10]  After several months of non-payment, Sirmon Produce filed the present motion to reopen the case and enter judgment in its favor in the amount of $117,965 (plus attorneys'

---

[8] *Id*. at pp. 1-3 (internal numbering omitted).

[9] Doc. no. 15 (Order of Dismissal).

[10] Doc. no. 17, Affidavit of Katy Koestner, Ex. 3 (Spreadsheet of Payments Received).

fees and interest).[11]  Haynes does not dispute that he is in arrears,[12] but contends that the settlement agreement is due to be modified or declared unenforceable because it does not include any provisions discussing the collateral agreement regarding confidentiality that was reached between the parties and recited in open court.  More specifically:

> During the hearing regarding [a] preliminary injunction in this case, certain questions were posed to Mr. Haynes regarding his pricing. During that testimony there was an objection interposed regarding the confidential and proprietary nature of such pricing information.  In open court, on the record, an agreement was reached regarding the confidentiality of the use of this information solely for relevant and material purposes in this action and for no other purpose, including, but not limited to competitive purposes.

> Haynes has been informed by Schoenmann Produce Corporation, which coordinates delivery of potatoes to Wal-Mart, that Sirmon has used the pricing data in order to undercut potato prices of Haynes, thereby cutting approximately 180 to 200 containers per week from Haynes' operation.[13]

The court has reviewed the hearing transcripts and the settlement agreement and can confirm that, although the confidentiality agreement was in fact noted on the record, no mention thereof is made in the settlement contract.  On the other hand, the

---

[11] Sirmon Produce also seeks entry of the stipulated preliminary injunction order appended to the settlement agreement.  *See* doc. no. 17, Affidavit of Katy Koestner, Appended Ex. B (Stipulated Preliminary Injunction Order).

[12] Doc. no. 19, ¶ 1.

[13] *Id*. at ¶¶ 4-5 (internal numbering omitted).

stipulation recited in court does not contemplate the *effect* of a breach of the confidentiality agreement. Moreover, Haynes' claim that Sirmon Produce has been utilizing confidential pricing information to undersell him is vigorously disputed by Sirmon:

> First, Plaintiff submits Defendant Carroll Douglas Haynes d/b/a Arrowhead Farms ("Haynes") has failed to identify what specific "confidential information" was (a) disclosed at the August 19, 2005 [hearing], and (b) subsequently used by Plaintiff in order to undercut Defendant's pricing.

> Second, the allegations contained within the opposition of Defendant to Plaintiff's Motion to Enforce the Settlement Agreement are wholly [de]void of evidentiary support. *Defendant has failed to provide any sworn statements by any of the alleged witnesses identified therein, including Defendant Haynes, and has failed to produce or identify any documents which support Defendant's allegations.* Notably, Defendant failed to respond to [counsel for plaintiff's] request for facts and documents supporting his allegations.

> Conversely, Plaintiff has filed the sworn affidavits of James Sirmon and Ted Suttle which deny the allegations made by the Defendant.[14]

Although the court is sympathetic to Haynes' allegations of wrongdoing, it must agree with Sirmon Produce. If Haynes truly possessed information probative of the confidentiality claim, he should have produced it to the court in responding to the Show Cause Order. As it stands, the court has reviewed nothing more than

---

[14] Doc. no. 20, ¶¶ 1-3 (internal numbering omitted) (emphasis supplied).

uncorroborated hearsay from Haynes and his attorney.  Even assuming that a breach of the confidentiality agreement would relieve Haynes of his obligations under the settlement agreement, the court has not seen enough evidence of any breach to justify taking the matter up at a hearing.

Accordingly, the motion to enforce the settlement agreement will be granted to the extent that it declares Haynes in default and requests the entry of the stipulated preliminary injunction.  On the other hand, Sirmon Produce also requests that the court enter judgment in its favor, awarding it $117,965 *plus interest*, and *plus attorneys' fees*, but does not specify either in its briefs or in the proposed order the total amount requested.  It is not the court's practice to enter such imprecise judgments, and therefore the motion will be denied without prejudice to the extent it seeks that relief.  Instructions for a renewed motion will be set forth in a separate order entered contemporaneously herewith.

DONE this 7th day of March, 2007.

United States District Judge